IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Board of Trustees, )
in its Capacity as Fiduciary and Plan )
Administrator of the National Elevator )
Industry Health Benefit Plan, )
                                              )
        Plaintiff, ) Case No. 1:13-CV-477
                                              )
  vs. )
                                              )
Kyle J. Moore, et al., )
                                              )
        Defendants. )

O R D E R

This matter is before the Court on Plaintiff Board of Trustees of the National Elevator Industry Health Benefit Plan's ("the Board") motion for summary judgment. Doc. No. 50. For the reasons that follow, the Board's motion for summary judgment is well-taken and is **GRANTED.**

I. Background

The facts of this case are straightforward. So is the law.

Defendant Kyle J. Moore was a beneficiary of the National Elevator Health Benefit Plan ("The Plan"). The Plan is an employee welfare plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1000, et seq. Complaint ¶ 1.

In 2007, Moore was injured in a car accident allegedly caused by a Hamilton County Sheriff's deputy. The Plan paid Moore's medical expenses in the amount of $34,204.10.

1

The Plan's summary plan description, which as discussed further below is <u>the</u> controlling plan document, provides the Plan a right of subrogation and reimbursement of medical expenses advanced to a beneficiary from amounts the beneficiary recovers from a third party. Doc. No. 1-1, at 72.

Moore, represented by Defendant Goodson & Company, filed a personal injury suit against the deputy, the Sheriff's Department, and Hamilton County in state court. Moore settled his claims against the state court defendants for $500,000. Moore's settlement agreement with the county attempted to carve out the Plan's subrogated interest in his settlement proceeds. Moore did all of this without the Plan's approval, even though the Plan specifically states that "the covered person agrees that neither he/she nor anyone acting on his/her behalf will settle any claim relating to the injury or illness without the written consent of the Plan." Doc. No. 1-1, at 72.

Moore refused the Plan's requests to reimburse the medical expenses it paid on his behalf from his settlement proceeds, despite his obligation to do so. Consequently, the Board file this lawsuit pursuant to ERISA, 29 U.S.C. § 1132(a)(3) to enforce the Plan's subrogation rights. Moore and Goodson filed an answer and counterclaim which asserts claims against the Board for breach of fiduciary duty.

The Board filed a motion for summary judgment on its claims as well as on Defendants' counterclaims which is now ready for disposition.

## II. <u>Summary Judgment Standard of Review</u>

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). An assertion of a undisputed fact must be supported by citations to particular parts of the record, including depositions, affidavits, admissions, and interrogatory answers. The party opposing a properly supported summary judgment motion "'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (internal quotation omitted).

The Court is not duty bound to search the entire record in an effort to establish a lack of material facts. Guarino v. Brookfield Township Trs., 980 F.2d 399, 404 (6th Cir. 1992). Rather, the burden is on the non-moving party to "present affirmative evidence to defeat a properly supported motion for summary judgment," Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute. Anderson, 477 U.S. at 250. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The court construes the evidence presented in the light most favorable to the non-movant and draws all justifiable inferences in the non-movant's favor. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. The court must assess "whether there is the need for trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at

250. "If the evidence is merely colorable, . . . or is not significantly probative, . . . the court may grant judgment." Anderson, 477 U.S. at 249-50 (citations omitted).

### III. Analysis

The Board presents claims against Defendants for "other equitable relief" pursuant to 29 U.S.C. § 1132(a)(3) to enforce its subrogation interest in Moore's settlement proceeds. The issues in this case are fairly simple to resolve. The Court, therefore, will truncate much of the summarizing of the parties' arguments that it otherwise would do in favor of coming to an efficient and expeditious conclusion to this lawsuit.

1. The summary plan description in the record (Doc. No. 1-1) is the controlling plan document because there is no other plan document that establishes Moore's right to receive medical benefits and the Plan's subrogation rights. Shaffer v. Rawlings. Co., 424 Fed. Appx. 422, 426 (6th Cir. 2011); Feifer v. Prudential Ins. Co. of Am., 306 F.3d 1202, 1208-09 (2nd Cir. 2002). The document establishing the Plan's trust (Doc. No. 17, at 17-64) is not the applicable "plan document" because it does not describe "the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." Id. at 1209.

2. The Board appropriately adopted and approved the summary plan description as the controlling plan document. Doc. No. 48-5, at 5.

3. Pursuant to § 1132(a)(3), a plan administrator may file suit against a plan participant or beneficiary to enforce an equitable lien by agreement in settlement proceeds. Sereboff v. Mid Atlantic Med. Serv., Inc., 547 U.S. 356, 363-69 (2006); Longaberger Co. v. Kolt, 586 F.3d 459, 466 (6th Cir. 2009).

4. In this case, the plain and unambiguous terms of the summary plan description establish that the Plan had an equitable lien by agreement in Moore's settlement proceeds to recoup the medical expenses it paid on Moore's behalf.  Perez v. Aetna Life Ins. Co., 150 F.3d 550, 556 (6th Cir. 1998)("The general principles of contract law dictate that we interpret the Plan's provisions according to their plain meaning, in an ordinary and popular sense.").  Specifically, the summary plan description provides in relevant part:

> The Plan has the right to recover benefits advanced by the Plan to a covered person for expenses or losses caused by another party.
>
>  . . .
>
> Amounts that have been recovered by a covered person from another party are assets of the Plan by virtue of the Plan's subrogation interest and are not distributable to any person or entity without the Plan's written release of its subrogation interest.
>
> . . .
>
> The Plan has a right to first reimbursement out of any recovery. Acceptance of benefits from the Plan for an injury or illness by a covered person, without any further action by the Plan and/or the covered person, constitutes an agreement that any amounts recovered from another party by award, judgment, settlement or otherwise, and regardless of how the proceeds are characterized, will promptly be applied first to reimburse the Plan in full for benefits advanced by the Plan due to the injury or illness and without reduction for attorneys' fees, costs, expenses or damages claimed by the covered person, and regardless of whether the covered person is made whole or recovers only part of his/her damages.
>
> . . .
>
> The covered person agrees that neither he/she nor anyone acting on his/her behalf will settle any claim relating to the injury or illness without the written consent of the Plan.

Doc. No. 1-1, at 72.

5. It is legally immaterial that the state court defendants were not adjudicated to be legally liable for Moore's injuries because the summary plan description requires him to reimburse the Plan "from any amounts recovered from another party by award, judgment, settlement or otherwise[.]"

6. Defendants' attempt to exclude the Plan's subrogation interest in Moore's settlement with the state court defendants is ineffectual for several reasons. First, Moore breached his agreement with the Plan by settling his claims against the state court defendants without the consent of the Plan and without a written release of the Plan's subrogation interest. Second, even if Moore's settlement did not make him whole as a result of the exclusion of the Plan's subrogated interest from the settlement, the Plan maintains its subrogation interest because it claims first priority[1] in the settlement and requires the participant or beneficiary to reimburse the Plan "regardless of how the proceeds are characterized" and "regardless of whether the covered person is made whole or recovers only part of his/her damages." Hiney Printing Co. v. Brantner, 243 F.3d 956, 959 (6th Cir. 2001) (in order to disavow the "make whole doctrine" plan must "must be specific and clear in establishing both a priority to the funds recovered and a right to any full or partial recovery"). Third, Defendants' attempt to carve the Plan's subrogated interest out of the settlement agreement on the grounds of political subdivision immunity likely would not have been effective since the amounts Hamilton County paid to Moore were subject to the Plan's subrogation interest. See Strief v. City of Cincinnati, 649 N.E.2d 1227, 1228 (Ohio 1995).

---

[1] See, supra at 5 ("The Plan has a right to first reimbursement out of any recovery.")

7. The Board did not breach any fiduciary duty owed to Moore. As already stated, the summary plan description is the controlling plan document and clearly provides an equitable lien by agreement in Moore's settlement proceeds. Moreover, it is not arbitrary and capricious for the plan administrator to attempt to enforce a subrogation provision according to its plain terms. <u>Bowen v. Central States, Southeast & Southwest Areas Health & Welfare Fund</u>, No. 91-3981, 1992 WL 92832, at *5 (6th Cir. May 6, 1992).

8. The Board is entitled to summary judgment on its claims as well as on Defendants' counterclaims. Defendants shall pay the Board the amount of $34,204.10 within thirty (30) days of the date of this order.

       **IT IS SO ORDERED**

Date <u>September 30, 2014</u>              <u>s/Sandra S. Beckwith</u>
                                                    Sandra S. Beckwith
                                      Senior United States District Judge